IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES E.M. PEEL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-554-JHP |
| | ) | |
| SARA SMITH, DRUG COURT | ) | |
| TEAM, ROSE EWING, ET AL., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Before the Court is Defendant Sara Smith's ("Judge Smith") Motion to Dismiss [Docket No. 10]. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Plaintiff James E.M. Peel ("Peel") brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging Judge Smith, a judge presiding over Tulsa County Drug Court, violated certain civil rights guaranteed to him by the United States Constitution. Specifically, Peel claims Judge Smith discriminated against him on the basis of his race and gender and violated his First Amendment right to freedom of speech as she presided over his case in Tulsa County Drug Court. Peel seeks $12,000,000.00 in monetary damages plus various novel forms of injunctive relief.

Judge Smith filed the instant motion to dismiss on December 17, 2007, seeking dismissal of all claims against her pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Judge Smith claims that she is entitled to absolute judicial immunity against Peel's § 1983 claims for monetary damages and that Peel lacks standing to seek injunctive relief. Despite the Court's January 23, 2008 order directing Peel to respond to the motion by February 1, 2008, and

1

informing Peel that failure to respond might result in the dismissal of his case pursuant to LcvR 7.2(f),[1] Peel has not responded to the motion.

## DISCUSSION

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. In undertaking a Rule 12(b)(6) analysis, the Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

42 U.S.C. § 1983 gives private citizens a remedy for deprivation of federally secured rights. The Supreme Court has described §1983's purpose as being "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). However, a state judge enjoys absolute immunity from § 1983 claims for monetary damages, except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quotation omitted). To determine whether a judge acted "in the clear absence of jurisdiction," the Court looks "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

---

[1] Local Rule 7.2(f) reads:

If a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional eleven days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or, (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following eleven days after filing. In either event, in the discretion of the Court, the party failing to respond shall be subject to sanctions, including but not limited to all attorney fees and costs incurred by the moving party in connection with such failure to timely oppose the motion.

LcvR 7.2(f).

Here, Peel alleges Judge Smith violated his constitutional rights through actions taken by Judge Smith in her capacity as presiding judge in Peel's Drug Court case. Because Peel's claims are based on actions taken by Judge Smith as a judicial officer and because Peel has failed to demonstrate that Judge Smith acted in the clear absence of jurisdiction, Judge Smith is entitled to absolute judicial immunity.

Judicial immunity, however, does nor bar the prospective injunctive relief sought by Peel. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Peel seeks various novel forms of injunctive relief based upon Judge Smith's alleged unconstitutional conduct, but Peel lacks standing to seek such injunctive relief because he has failed to show he will likely be subject to such conduct in the future. *Harris v. Champion*, 51 F.3d 901, 907 (1995) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, ... if unaccompanied by any continuing, present adverse effects.")(quotations omitted). In order to establish the requisite standing to seek the injunctive relief sought, Peel must show he is "realistically threatened by a repetition" of the past alleged unconstitutional conduct on the part of Judge Smith. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Peel has failed to do so. The claims set out in Peel's complaint are apparently based on actions taken by Judge Smith while presiding over a state case involving Peel. The record, however, clearly reflects that Judge Smith recused from Peel's case on October 9, 2007, and Peel has failed to explain how he is likely to be involved in any future cases presided over by Judge Smith. The Court, therefore, cannot conclude that Peel is realistically threatened with repetition of the alleged unconstitutional conduct on the part of Judge Smith. Peel has thus failed

to establish standing to seek injunctive relief.[2]

Therefore, Peel's § 1983 claims against Judge Smith for monetary and injunctive relief must be dismissed.

## **CONCLUSION**

For the reasons set forth herein, Defendant Sara Smith's Motion to Dismiss is GRANTED. IT IS SO ORDERED.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[2] Having failed to allege the violation of a declaratory decree, or the unavailability of declaratory relief, Peel would also presumably be barred from seeking injunctive relief by the 1996 amendments to § 1983 providing that: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983).