IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES E.M. PEEL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-554-JHP |
| | ) | |
| SARA SMITH, DRUG COURT | ) | |
| TEAM, ROSE EWING, ET AL., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Before the Court is Defendants Rose Ewing[1] and Drug Court Team's ("Defendants") Motion to Dismiss [Docket No. 15]. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Plaintiff James E.M. Peel ("Peel") brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging Defendants deprived him of certain civil rights guaranteed by the United States Constitution. Specifically, Peel claims Defendants discriminated against him on the basis of his race and gender, and violated his First Amendment right to freedom of speech. Peel seeks $12,000,000.00 in monetary damages plus various novel forms of injunctive relief.

Defendants filed the instant motion to dismiss on January 7, 2008, seeking dismissal of all claims against them pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Despite the Court's January 23, 2008 order directing Peel to respond to the motion by February 1, 2008, and informing Peel that failure to respond might result in the dismissal of his case

---

[1] Ewing is the coordinator of the Tulsa County Drug Court Team.

1

pursuant to LcvR 7.2(f),[2] Peel has not responded to the motion.

## **DISCUSSION**

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. In undertaking a Rule 12(b)(6) analysis, the Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

42 U.S.C. § 1983 gives private citizens a remedy for deprivation of federally secured rights. The Supreme Court has described §1983's purpose as being "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). However, only "persons" acting under the color of state law may be sued under § 1983. *See* 42 U.S.C. § 1983. Additionally, personal participation by the defendant in the alleged deprivation is an essential element of a claim under § 1983. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

## A.    **Rose Ewing**

Although Peel names Rose Ewing as an individual defendant, the complaint is devoid of any

---

[2] Local Rule 7.2(f) reads:

> If a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional eleven days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or, (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following eleven days after filing. In either event, in the discretion of the Court, the party failing to respond shall be subject to sanctions, including but not limited to all attorney fees and costs incurred by the moving party in connection with such failure to timely oppose the motion.

LcvR 7.2(f).

allegation of unconstitutional conduct on the part of Ewing individually. In the absence of an allegation that Ewing personally participated in the alleged constitutional violation, Peel has failed to state a valid § 1983 claim against Ewing. Therefore, Ewing must be dismissed from the case.

**B.     The "Drug Court Team"**

Peel next names the "Drug Court Team et al" as defendants to his § 1983 claim. Although the complaint is unclear, the Court can construe this as either an attempt to sue the Drug Court itself, or the individuals who work in, and for, the Drug Court. If the first is true, Peel is clearly barred by the Eleventh Amendment from bringing suit against this arm of the state of Oklahoma. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1231-32 (10th Cir. 1999); *See also Coopersmith v. Supreme Ct. of Colo.*, 465 F.2d 993, 994 (10th Cir.1972) (holding that state courts are not "persons" within the meaning of § 1983). If the second is true, Peel must allege that these individuals personally participated in the alleged constitutional violation. Much like his claims against Ewing, Peel has failed to do so. The allegations contained within Peel's complaint all involve actions taken by Judge Sara Smith. In the absence of an allegation that the unnamed members of the "Drug Court Team" personally participated in some constitutional violation, Peel has failed to state a valid § 1983 claim. Therefore, the Drug Court, or the "Drug Court Team"—whichever it may be—must be dismissed from the case.[3]

---

[3]Having found sufficient grounds to grant the motion the dismiss, the Court does not address Defendants' contention that the doctrines of quasi-judicial immunity and abstention would also bar Peel's suit.

## **CONCLUSION**

For the reasons set forth herein, Defendant Rose Ewing and Drug Court Team's Motion to

Dismiss is GRANTED.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma